UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HAZEL JANAE COOPER,**<br><br>Petitioner,<br><br>vs.<br><br>**JEREMY HOWARD,**<br><br>Respondent. | **2:26-CV-10783-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,  AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS.** |

Hazel Janae Cooper ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her sentence of twenty to forty years in prison for second-degree murder, Mich. Comp. Law § 750.317. Petitioner was also convicted of possession of a firearm in the commission of a felony (felony-firearm) and received a consecutive two year sentence on that charge, although she does not challenge this conviction or sentence. Mich. Comp. Law § 750.227b.

For the reasons that follow, the petition for writ of habeas corpus is **SUMMARILY DENIED**.

## I.    BACKGROUND

This Court recites verbatim the relevant facts regarding Petitioner's conviction and sentence from the Michigan Court of Appeals' opinion affirming the sentence, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1), *see Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from the shooting death of the victim, Anthony Cannon, who was in a romantic relationship with defendant at the time of his death. On March 5, 2018, the victim's mother called the police concerned that her son may have been shot by defendant. When officers arrived, the victim's body was found in a trashcan and it was apparent to officers that defendant had attempted to clean up the crime scene. A subsequent autopsy revealed that the victim was shot twice in the back of the head, and investigators determined he was lying face down in bed when he was shot.
>
> In an agreement with prosecutors, defendant pleaded guilty to second-degree murder, MCL 750.317; and felony-firearm, MCL 750.227b; in exchange for dismissal of the open murder count initially charged. Defendant was sentenced to two years' imprisonment for the felony-firearm conviction, to be served prior and consecutive to her sentence of 20 to 40 years' imprisonment for her second-degree murder conviction.
>
> Three years later in 2022, defendant moved for relief from judgment from her sentence, contending that the scoring of

2

offense variable ("OV") 6 and 10 was erroneous,[1] and that her trial counsel rendered ineffective assistance of counsel for failing to object during sentencing. The court denied the motion, concluding first that the killing did not arise from a "combative situation" or from "any contemporaneous threat of victimization" such that only a 10-point score was warranted under OV 6. The trial court also rejected defendant's contention that 10 points should not have been assessed under OV 10, noting that the victim was in a vulnerable position when he was shot in the back of the head while sharing a bed with defendant. After this Court granted defendant's delayed application for leave, this appeal followed.

*People v. Cooper*, No. 365423, 2025 WL 1353599, at *1 (Mich. Ct. App. May 8, 2025), *lv. den.*, 27 N.W.3d 113 (Mich. 2025).[2]

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Ms. Cooper's Sixth Amendment rights were violated as defense counsel was ineffective for failing to object to OV 6 where trial counsel used the same facts of the offense and Mr. Cannon's abuse of Ms. Cooper to ask for a sentence at the bottom of the guidelines as Mr. Cannon's death was the result of a combative situation or alternatively, Mr. Cannon's death resulted from the victimization of Ms. Cooper.

II. Ms. Cooper's Sixth Amendment rights were violated as defense counsel was ineffective for failing to object to the trial court's erroneous scoring of OV 10. Where Ms. Cooper did not

---

[1] OV 6 concerns the "offender's intent to kill or injure another individual," MCL 777.36(1); while OV 10 addresses the "exploitation of a vulnerable victim." MCL 777.40(1).

[2] Under Michigan law, it is proper to charge a defendant with the crime of open murder. Such a charge gives a circuit court jurisdiction to try a defendant on first and second-degree murder charges. *See Taylor v. Withrow*, 288 F.3d 846, 849 (6th Cir. 2002) (footnote added).

3

exploit her relationship with Mr. Cannon, and their relationship alone did not qualify Mr. Cannon as a vulnerable victim, trial counsel was deficient for failing to object to the assessment of any points here.

ECF No. 1, PageID.16.

## II.   LEGAL STANDARD

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. July 26, 2001)(Borman, J.). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

In fact, the Sixth Circuit "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). Thus, a district court has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No

return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

To avoid the *sua sponte* dismissal of an ineffective-assistance-of-counsel claim, a habeas petition must allege facts showing that: (1) counsel's performance was objectively deficient, and (2) the deficient performance prejudiced the petitioner. *Ayers v. Ohio Dep't of Rehab. & Correction*, 113 F.4th 665, 670 (6th Cir. 2024), *cert. denied sub nom. Chambers-Smith v. Ayers*, 145 S. Ct. 1632 (2025).

## III.  DISCUSSION

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's ineffective assistance of counsel claims are meritless, such that the petition must be summarily denied. *See Mathews v. United States,* 11 F.3d 583, 585 (6th Cir. 1993) (affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

Petitioner claims that trial counsel was ineffective in failing to object to the scoring of Offense Variables (OV) 6 and 10 of the Michigan Sentencing Guidelines. Petitioner argues that had counsel objected to the scoring of OV 6 and OV 10, the sentencing guidelines range would have

5

been 162-270 months, making it more likely she would have received a lower minimum sentence on the second-degree murder conviction.[3]

The Michigan Court of Appeals determined that the trial judge's scoring of Offense Variables 6 and 10 was correct under Michigan law. *People v. Cooper*, 2025 WL 1353599, at *2-5. Because the sentencing guidelines were correctly scored, the Michigan Court of Appeals concluded that trial counsel was not ineffective for failing to object to OV 6 or OV 10. *Id.* at *5-6 (holding that because "defendant is not entitled to resentencing on the basis of the errors alleged on appeal," and "ineffective assistance of counsel cannot be predicated on a meritless motion, defendant has not demonstrated that trial counsel's representation fell below an objective standard of reasonableness").

To the extent that Petitioner seeks habeas relief on a claim that the trial judge incorrectly scored the sentencing guidelines, she would not be entitled to habeas relief. Any claim by a habeas petitioner that a state trial court incorrectly scored or calculated his or her sentencing

---

[3] Michigan's Sentencing Guidelines, unlike the federal sentencing guidelines, only provide for a minimum sentence; the maximum is determined by statute. *See, e.g., Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010).**Error! Main Document Only.** The sentence for felony-firearm in Michigan is a mandatory two year prison sentence that must be served consecutively to any underlying felony. *See* Mich. Comp. Law § 750.227b. Hence, the crime of felony-firearm is not covered by the Michigan Sentencing Guidelines. *People v. Johnigan,* 265 Mich. App. 463, 472; 696 N.W. 2d 724 (2005). Petitioner does not challenge her sentence for the felony-firearm conviction in her petition.

6

guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is  a claim arising under state law. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). The petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining [her] sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. June 11, 2009)(Battani, J.). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. Dec. 1, 2004)(Gadola, J.). Any error by the state trial court in calculating Petitioner's guideline score would not merit habeas relief. *Id.*

Nonetheless, a habeas petitioner may seek habeas relief on a claim that counsel was ineffective in failing to *challenge* the scoring of the Michigan Sentencing Guidelines. *See Kissner*, 826 F.3d at 904. A defendant must  satisfy a two-prong test to show that he was denied the effective assistance of counsel. First, the defendant must demonstrate that counsel's performance was so deficient that the attorney did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior

7

lies within the wide range of reasonable professional assistance. *Id*. The defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id*. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. A defendant demonstrates prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

A defendant has the right to the effective assistance of counsel at sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.,* (*quoting Glover v. United States*, 531 U.S. 198, 203 (2001)).

Petitioner challenged the scoring of her sentencing guidelines in her post-conviction motion for relief from judgment. The sentencing judge denied the claim, finding that OV 6 and OV 10 had been correctly scored under the Michigan Sentencing Guidelines. The Michigan Court of Appeals affirmed the trial judge's ruling, concluding that the two offense variables had been correctly scored under Michigan law and thus counsel was not ineffective for failing to object. *People v. Cooper*, 2025 WL 1353599, at *2-6.

The sentencing judge and the Michigan Court of Appeals concluded that Petitioner's offense variables were correctly scored under Michigan law. Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," the Court is constrained to reject Petitioner's ineffective assistance of trial counsel claim. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005). The trial judge and the Michigan appellate courts rejected Petitioner's sentencing guidelines claim. Petitioner is therefore unable to show that she was prejudiced by her trial counsel's purported ineffectiveness in failing to challenge the scoring of her sentencing guidelines. *See e.g.*, *Coleman v. Curtin*, 425 F. App'x 483, 485 (6th Cir. 2011) ("Coleman has not established that he was prejudiced by counsel's failure to argue that offense variables 12 and 19 were improperly scored because there was a sufficient factual basis for the scoring of each variable.").

Moreover, even if Petitioner's argument is correct that OVs 6 and 10 should have been scored differently, she has failed to show that her minimum sentence of twenty years on the second-degree murder conviction would have been different had counsel objected because her sentence would have still fallen within what she claims would be the corrected sentencing guidelines range of 162-270 months.

If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an

9

insufficient showing of prejudice to support an ineffective assistance of counsel claim. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Because Petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a sentence below 20 years if OV 6 and OV 10 had been scored the way she believes they should have been, Petitioner is unable to show that she was prejudiced by her counsel's purported ineffectiveness in failing to object to the scoring of her sentencing guidelines. *See Spencer v. Booker*, 254 F. App'x 520, 526 (6th Cir. 2007) ("[E]ven if the state trial court had correctly calculated Spencer's PRV 2 score, it nonetheless could have imposed the very same sentence."). Under these circumstances, Petitioner is not entitled to habeas relief.

## IV.   CONCLUSION

The Court summarily denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the

10

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

This Court's summary dismissal of Petitioner's habeas application on preliminary review, based on the determination that the petition, on its face, fails to state a claim for relief, warrants the denial of a certificate of appealability from the summary dismissal of the petition. *See Watkins v. Campbell*, 182 F. Supp. 3d 727, 741 (W.D. Mich. Apr. 20, 2016). "It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted." *Id.*

However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. May 22, 2002)(Rosen, J.).

### V. ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

12

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

**SO ORDERED**.

Dated: May 19, 2026             /s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE